## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

JOSEPH W. ALLEN                                                    PLAINTIFF

v.                                    LEAD CIVIL ACTION NO. 3:07CV-P261-H

NASIRUDDIN SIDDIQUI *et al.*                                      DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Deland's motion to dismiss for improper

process (DN 56).  For the reasons explained below, the motion is **DENIED**.

As set forth in the Court's November 14, 2007, Memorandum Opinion and

corresponding Scheduling Order (DNs 9 & 12) upon review of the consolidated complaint

pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the

Court allowed a portion of Plaintiff's claims to proceed for further development.  After the

Jefferson County Attorney and the Cabinet for Health & Family Services failed to file timely

waivers of service of process, the Court directed the Clerk to issue the summonses and the

United States Marshals Service to serve a copy of the complaint on each Defendant, including

Defendant Deland, in accordance with Rule 4 of the Federal Rules of Civil Procedure.  The

United States Marshals Service served the summonses provided by Plaintiff and filed the Process

Receipt and Returns with the Court.  The summons issued on behalf of Defendant Deland was

addressed to "P.O. Box 67-1612 Dawkins Road, LaGrange, Kentucky 40031."  The individual

that signed the form was "Tara Wilkins."  In his motion to dismiss, Defendant Deland states that

Ms. Wilkins is an employee of Luther Luckett Correctional Complex, which is part of the Justice

and Public Safety Cabinet.  Defendant further explains that he was not an employee of the Luther

Luckett Correctional Complex, but rather an employee of the Kentucky Correctional Psychiatric

Center, which is part of the Cabinet for Health and Family Services.  Additionally, Defendant

Deland asserts that he is no longer an employee of Kentucky Correctional Psychiatric Center. Accordingly, Defendant Deland requests the Court to dismiss this action against him for insufficiency of process under Fed. R. Civ. P. 12(b)(4) and for failure to effect service within 120 days pursuant to Fed. R. Civ. P. 4(m).

In this action, the Court elected to order the United States Marshals Service to effect service. The Sixth Circuit has joined the Seventh and Ninth Circuits in holding that when the United States Marshals Service is directed to effectuate service upon the defendants on behalf of a prisoner plaintiff, the plaintiff is relieved of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Puett v. Blandford*, 912 F.2d 270, 276 (9th Cir. 1990) and *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990)). After the plaintiff identifies the subject defendant by name, the burden shifts to the United States Marshals Service to obtain his or her current address. *Sellers*, 902 F.2d at 602. Thereafter, the Unites States Marshals Service's failure to properly complete service is "good cause" to extend the time for service under Rule 4(m). *See id.* The rationale behind these procedures was recently and aptly described by the Eastern District of Tennessee:

> [P]rison guards typically do not want prisoners to have their home addresses, and it is often very difficult, if not impossible, for prisoners to learn the current address of such employees. The use of Marshals to obtain Defendant's current address and effect service alleviates two concerns: (1) the security risks inherent in providing the addresses of prison employees to prisoners; and (2) the reality that prisoners often get the "runaround" when they attempt to obtain information through governmental channels and needless attendant delays in litigating a case.

*Ely v. Smith*, 2008 U.S. Dist. LEXIS 40031 (E.D. Tenn. May 15, 2008) (citing *Sellers*, 902 F.2d at 602).

In this case, Plaintiff identified Defendant Deland by name, and the Court directed

2

service via the United States Marshals Service.  Accordingly, the Court concludes that "good cause" exists under Rule 4(m) for Plaintiff's failure to timely and properly effect service of process.  The question remains, however, how to go about ensuring proper service.  Case law indicates that it is the United States Marshals Service's obligation to obtain Defendant Deland's current address.  However, to lessen the burden on the United States Marshals Service, as a matter of practice, this Court has in the past attempted secure that information by having the agency that previously employed the defendant to file his last known address under seal.  In this case, however, counsel has already entered a special appearance on behalf of Defendant Deland for the purpose of filing the instant motion.  Thus, before taking such action in this case, the Court will provide counsel for Defendant Deland the opportunity to waive service on his behalf. If counsel fails to do so, the Court will direct the Cabinet for Health and Family Services to provide the Court with Defendant Deland's last known address.

Accordingly, the Clerk of Court is **DIRECTED** to mail a Waiver of Service of Summons form to Kimberley S. Naber, counsel of record for Defendant Deland.  Ms. Naber is **ORDERED** to notify the Court within 30 days of the entry of this Order whether Defendant Deland will waive service of process.

Date:

cc:      Plaintiff, *pro se*
         Counsel of Record
4412.008

3