**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

**JOSEPH W. ALLEN**                                                                                         **PLAINTIFF**

**v.**                                    **LEAD CIVIL ACTION NO. 3:07CV-P261-H**

**NASIRUDDIN SIDDIQUI** *et al.*                                                         **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants Nasiruddin Siddiqui and Frank Deland's joint motion to certify the Court's July 2, 2009, Memorandum Opinion and Order pursuant to Federal Rule of Civil Procedure 54(b).

Federal Rule of Civil Procedure 54(b) permits courts dealing with multiple claims or multiple parties to direct the entry of a final judgment as to fewer than all of the claims or parties. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 2 (1980). An entry of final judgment is available under Rule 54(b) based on two independent findings. *See Gen. Acquisition, Inc. v. GenCorp Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). First, the court must determine that it is dealing with a "final judgment." *Id.*; *Curtiss-Wright*, 446 U.S. at 7. Second, the court must "expressly determine[ ] that there is no just reason for delay." Fed. R. Civ. P. 54(b); *Gen. Acquisition*, 23 F.3d at 1026. Ultimately, a district court has "sound judicial discretion" in which to determine whether an entry of final judgment is appropriate. *Curtiss-Wright*, 446 U.S. at 8.

A "final judgment" consists of a "cognizable claim for relief" that is "an ultimate disposition of an individual claim entered in the course of a multiple claim action." *Id.* at 7. The Court's July 7, 2009, Memorandum Opinion and Order dismissed with prejudice all Plaintiff's claims against Defendants Siddiqui and Deland as barred by the statute of limitations. Thus, the first requirement of a "final judgment" is met.

Next, the Court must consider if there is "a just reason for delay." This is determined by striking a balance between "the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." *Gencorp*, 23 F.3d at 1027. Proper consideration must be given to the "judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 7. The Sixth Circuit provides a nonexhaustive list of factors that a court should consider when making this determination. *Gencorp*, 23 F.3d at 1030. They are:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Id.* at 1030 (citing *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)).

Multiple defendants remain in the case. Resolving their claims could take some time. However, as demonstrated by the summary judgment motion filed by one of the remaining defendants, Edwin Walker, the timeliness of Plaintiff's complaint is likely to be a defense raised by several of the defendants. Thus, if the Court granted Defendants' motion, multiple appeals could be presented to the Sixth Circuit involving substantially the same issue. *See Curtiss-Wright*, 446 U.S. at 8 (noting that the federal district courts should always be mindful to "preserve[] the historic federal policy against piecemeal appeals"). This would be a waste of judicial resources. Moreover, Defendants Siddiqui and Deland should not be unduly burdened by waiting until the claims of the remaining defendants are addressed.

Accordingly, for these reasons, Defendants Nasiruddin Siddiqui and Frank Deland's joint motion to certify the Court's July 2, 2009, Memorandum Opinion and Order pursuant to Federal Rule of Civil Procedure 54(b) (DN 128) is **DENIED**.

Date: August 25, 2009

                              **John G. Heyburn II, Judge**
                              **United States District Court**

cc:       Plaintiff, *pro se*
          Counsel of Record
4412.008