UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOSEPH W. ALLEN                                                                PLAINTIFF

v.                              LEAD CIVIL ACTION NO. 3:07CV-P261-H

NASIRUDDIN SIDDIQUI *et al.*                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Edwin O. Walker, M.D.'s, motion for summary judgment and Prison Health Services, Inc. ("PHS"), Patricia Keeling, Alicia Kelly (now Alicia Fox), Lawrence Mudd, M.D., and Renate Stingl, M.D.'s, motion for summary judgment (collectively the "PHS Defendants"). For the reasons set forth below, the Court concludes that the pending summary-judgment motions should be granted. Additionally, upon review of the docket, the Court has determined that there is one remaining defendant, Candace Walker, that has yet to be served. However, based on Plaintiff's amended complaint and the record in this case, it appears that Plaintiff's claims against Defendant Candace Walker would be time-barred. Accordingly, the Court will provide Plaintiff with an opportunity to show cause why those claims should not be dismissed as well.

**I. SUMMARY JUDGMENT STANDARD**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact which requires the denial of a summary judgment motion." *Street v. J. C. Bradford & Co.*, 886

F.2d 1472, 1477 (6th Cir. 1989). "The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element of its case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

"'[W]here the moving party has the burden -- the plaintiff on a claim for relief or defendant on an affirmative defense -- *his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party*.'" *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 487-88 (1984) (emphasis in original)). "[I]f the moving party also bears the burden of persuasion at trial, the moving party's initial summary judgment burden is 'higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002) (quoting 11 James Wm. Moore, et al., Moore's Federal Practice § 56.13[1], at 56-138 (3d ed. 2000)). Thus, "[s]ummary judgment in favor of the party with the burden of persuasion . . . is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Id.* The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the

burden of proof." *Id.* (internal quotation marks omitted).

## II. DEFENDANT EDWIN WALKER'S SUMMARY JUDGMENT MOTION

Plaintiff was admitted to Kentucky Correctional Psychiatric Center ("KCPC") for a competency evaluation on June 13, 2005. While at KCPC, Dr. Nasiruddin Siddiqui examined Plaintiff and diagnosed him with Schizoaffective Disorder. Dr. Siddiqui prescribed Seroquel for Plaintiff, which he began taking on June 14, 2005. Plaintiff was later treated by Dr. Frank Deland at KCPC, who also continued to prescribe Seroquel.[1] Defendant Walker was the supervisor in charge of Drs. Deland and Siddiqui during Plaintiff's stay at KCPC.

Plaintiff allegedly began to experience negative side effects to Seroquel within one week of taking the medication. He was diagnosed with diabetes mellitus on September 1, 2005, which he claims is the result of the Seroquel. Plaintiff filed this complaint alleging state-law medical malpractice and violations of the United Stations Constitution pursuant to 42 U.S.C. § 1983 against Defendant Walker and others on May 4, 2007.[2] On initial screening, the Court dismissed Plaintiff's § 1983 claims against Defendant Walker because they were predicated solely on supervisory liability, but allowed his state-law, medical-malpractice claim to proceed for further development. Defendant Walker now claims that he is entitled to summary judgment because Plaintiff's complaint is time-barred. At issue is when Plaintiff discovered that he

---

[1]The Court granted Drs. Siddiqui and Deland summary judgment by Order entered July 7, 2009.

[2]Plaintiff was incarcerated at the time he filed his complaint. Therefore, under the prison mail box rule, the complaint is deemed filed the date that it was turned over to prison officials for mailing. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002). Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint. *See, e.g., Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006) ("[W]e treat the petition as filed on the date [the prisoner] signed it."). Thus, Defendant Walker's reliance on the file-stamped date is misplaced.

potentially had a medical-malpractice claim against Defendant Walker.

In his response to the summary-judgment motion, Plaintiff states that he should be deemed to have knowledge of his claim on May 17, 2006, when a family member forwarded him a letter from the law firm of Goldberg and Osborne thanking him for "contacting us about legal representation concerning Seroquel." The letter, attached to Plaintiff's response, is dated May 5, 2006. In contrast, Defendant points to Plaintiff's interrogatory answers in which he states that he first expected or believed that Dr. Deland's care might have been negligent or improper on September 1, 2005, when he was diagnosed with diabetes. Defendant argues that one must logically extend this belief to the claims against Dr. Walker, since the Plaintiff's claims against Dr. Walker are based on his role as KCPC supervisor over Drs. Siddiqui and Deland.

A federal court exercising supplemental jurisdiction over state-law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Williams v. General Elec. Co.*, 145 F. App'x 535, 538 (6th Cir. 2005) (citing *Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir. 1999)). Consequently, Kentucky law governs the Plaintiff's medical-malpractice claim. The statute of limitations for medical negligence in Kentucky is governed by Kentucky Revised Statute § 413.140(1)(e). It states an individual must file "[a]n action against a physician, surgeon, dentist, or hospital licensed pursuant to KRS Chapter 216, for negligence or malpractice" "within one (1) year after the cause of action accrued." In addition, KRS 413.142(2) specifies that "the cause of action shall be deemed to accrue at the time the injury is first discovered or in the exercise of reasonable care should have been discovered." However, the Kentucky Supreme Court holds that the statute remains tolled during a patient's course of treatment with the physician. *See Harrison v. Valentini*, 184 S.W.3d 521, 524 (Ky. 2005).

The Kentucky Supreme Court holds that "[t]he statute begins to run on the date of the discovery of the injury, or from the date it should, in the exercise of ordinary care and diligence, have been discovered." *Wiseman v. Alliant Hosps., Inc.*, 37 S.W.3d 709, 712 (Ky. 2000) (citing *Tomlinson v. Siehl*, Ky., 459 S.W.2d 166 (1970)). "This rule entails knowledge that a plaintiff has a basis for a claim before the statute of limitations begins to run. The knowledge necessary to trigger the statute is two-pronged; one must know: (1) he has been wronged; and, (2) by whom the wrong has been committed." *Id.* It analyzing statute-of-limitations questions in the medical-malpractice context it is essential to distinguish between injury and harm. "Harm in the context of medical malpractice might be the loss of health following medical treatment. 'Injury,' on the other hand, is defined as 'the invasion of any legally protected interest of another.'" *Id.* "Thus, injury in the medical-malpractice context refers to the actual wrongdoing, or the malpractice itself. Harm could result from a successful operation where a communicated, calculated risk simply turns out poorly for the patient, although the medical treatment met the highest medical standards." *Id.* "The statute of limitations does not begin to run even though a harmful condition is known to a plaintiff so long as its negligent cause and its deleterious effect are not discovered." *Id.*

Plaintiff clearly states in his interrogatory answers that he first suspected that Dr. Deland's care might have negligent in September 2005. The only evidence he has offered to the contrary is a letter from a law firm that he states was not forwarded to him until May 17, 2006. However, that letter is dated May 5, 2006, and it clearly indicates that either Plaintiff or someone acting on his behalf contacted the law firm about filing suit against "Seroquel and its distributors and manufactures" prior to May 5th. If anything, the letter the contradicts Plaintiff's position because it shows that Plaintiff had reason to believe that the medications prescribed by his

5

physicians might have caused his diabetes prior to May 5, 2007, when someone contacted a law firm on his behalf. Additionally, there is no evidence that Plaintiff continued treatment with the KCPC doctors after his return to Louisville Metro at the end of July 2005. Accordingly, based on Plaintiff's interrogatory answers and the other evidence in the record, the Court concludes that Defendant Edwin O. Walker is entitled to summary judgment because Plaintiff's claim against him is time-barred.

### III. THE PHS DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT

Upon initial review of Plaintiff's complaint, the Court allowed the following claims to proceed against the PHS Defendants: 1) Plaintiff's § 1983 claim related to the decision to prescribe and leave Plaintiff on Seroquel as against Defendants Keeling, Kelley, Stingl, and Prison Health Services, Inc.; 2) Plaintiff's § 1983 against Defendants Keeling, Kelley, and Prison Health Services, Inc. as related to Plaintiff's allegations that they a) "neglected and/or refused timely professional medical and/or dental treatment . . . forcing Plaintiff to endure severe pain and suffering for sixty days with exposed nerve of [a] broken tooth and a dry socke[t] where the molar tooth was knocked out"; b) refused to alter Plaintiff's mental health treatment after a follow up from Ed Easter-Hogg, MHW, indicated that Plaintiff was not responding favorably to his current treatment; c) refused to provide treatment for a "profusely bleeding, painful mass of dilated veins in swollen anal tissue and extreme constipation"; and d) refused to properly treat and manage Plaintiff's diabetes; and 4) Plaintiff's medical-malpractice claim against Mudd and Stingl for prescribing him Seroquel, failing to apprise him of the risks of taking Seroquel, and leaving him on Seroquel after he complained about its side effects.

Among other things, Defendants argue that Plaintiff's grievance file does not include any grievance relating to the outlined claims, and therefore, that the claims should be dismissed for

6

failure to exhaust.

With respect to exhaustion, the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) provides that:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.*

The PLRA requires "proper exhaustion," which means that the inmate must comply with all of the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). When assessing whether a prisoner has properly exhausted his claims as required by the PLRA, the Court looks to the prison's procedural rules. *See Jones*, 549 U.S. at 218. Thus, this Court begins its analysis of the exhaustion issue with the Louisville Metro Department of Corrections's grievance procedures. The Louisville Metro Department of Corrections has a four-step grievance procedure. The process includes an attempt to resolve an issue informally, and then the filing of a written grievance. If the inmate does not agree with the written response, he can appeal to the Deputy Director and then the Director. Defendants have submitted the affidavit of Paige Cox, the Grievance Records Coordinator, at the Louisville Metro Department of Corrections. She avers that the LMDC keeps a record of all grievance submitted by inmates. She attaches all grievances submitted by Plaintiff during his incarceration at the Louisville Metro Department of Corrections. The Court has reviewed the grievances filed by Plaintiff. They do not relate to the claims at hand. Furthermore, even if they could somehow be construed as

tangentially relating to the claims, there is no evidence that Plaintiff ever moved on to step-three of the grievance procedure by filing an appeal with the Deputy Director. In response to Defendants' motion, Plaintiff states, "as to Defendant's claim that Plaintiff has failed to exhaust his administrative remedies, Plaintiff has previously overcome the burden of proof of this Court's Memorandum Opinion, previously rendered." The Court, however, has not made a prior determination on the exhaustion of administrative remedies.

The Court concludes that Plaintiff's claims against the PHS Defendants are unexhausted.[3] As such, the PHS Defendants are entitled to summary judgment.

## IV. DEFENDANT CANDACE WALKER

To date, the United States Marshals Service has not been able to serve Plaintiff's complaint on Defendant Candace Walker. In his amended complaint, Plaintiff alleges that Defendant Walker was responsible for executing Plaintiff's discharge from the Kentucky Correctional Psychiatric Center. The record in this case is undisputed that Plaintiff was discharged from the Kentucky Correctional Psychiatric Center in 2005. Moreover, it does not appear that Defendant Candace Walker treated Plaintiff subsequent to his discharge. As such, it appears undisputed that Defendant Candace Walker would be entitled to summary judgment based on Plaintiff's failure to comply with the applicable statute of limitations, the same reason that the Court has determined that Defendant Drs. Edwin Walker, Siddiqui and Deland, the other doctors that treated Plaintiff while he was at the Kentucky Correctional Psychiatric Center, are entitled to summary judgment.

Given the fact that it appears impossible for Plaintiff to prevail on his claims against

---

[3]Because the Court concludes that Plaintiff's claim are unexhausted, it will not address Defendants' other arguments in favor of summary judgment.

Defendant Candace Walker, service on Defendant Candace Walker would seem to be futile and a waste of judicial time and resources. Before dismissing Plaintiff's claim against Defendant Candace Walker, however, the Court will provide Plaintiff with an opportunity to show cause why the Court should not dismiss his claims against Defendant Candace Walker.

## V.  ORDER

Being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Defendant Edwin O. Walker's motions for summary judgment (DNs 127 and 142) are **GRANTED** and all claims against Defendant Edwin O. Walker are dismissed.

**I T IS FURTHER ORDERED** that Defendants Patricia Keeling, Alicia Kelley, Lawrence Mudd, Prison Health Services, Inc., and Renate Stingl's motion for summary judgment (DN 145) is **GRANTED** and all claims against Defendants Patricia Keeling, Alicia Kelley, Lawrence Mudd, Prison Health Services, Inc., and Renate Stingl are dismissed.

**IT IS FURTHER ORDERED** that Defendants Patricia Keeling, Alicia Kelley, Lawrence Mudd, Prison Health Services, Inc., and Renate Stingl's motion to dismiss for lack of prosecution (DN 143) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendants Patricia Keeling, Alicia Kelley, Lawrence Mudd, Prison Health Services, Inc., and Renate Stingl's motion to seal their memorandum in support of their motion for summary judgment and accompanying exhibits under seal (DN 144) is **SUSTAINED** and that the memorandum and exhibits (DN 145) are ordered sealed.

Only Plaintiff's claim against Defendant Candace Walker remains.  Should Plaintiff contend that the Court should not summarily dismiss this claim, he is **ORDERED** to file a

memorandum explaining his reasons within **21 days of the entry of this Order**.  Defendants may file a response 14 days thereafter.  Plaintiff is **WARNED** that his failure to respond within the allotted time will result in the dismissal of his sole remaining claim against Defendant Candace Walker for the reasons state herein.

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record
4412.008